UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-23622-CIV-MARTINEZ-OTAZO-REYES

ALBERT NAHMAD and JANE NAHMAD,

      Plaintiffs,

v.

AIG PROPERTY CASUALTY COMPANY,

      Defendant.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Albert Nahmad and Jane Nahmad (collectively, "Plaintiffs"), by and through undersigned counsel, respond to Defendant AIG Property Casualty Company's ("Defendant") Motion to Dismiss Count I of Plaintiffs' Complaint (the "Motion") [D.E. 9] as follows:

**INTRODUCTION**

Plaintiffs' property was damaged by Hurricane Irma. Defendant insured the property at the time of loss but has refused to indemnify Plaintiffs for their claim because Defendant contends that Plaintiffs' damages fall under the policy's hurricane deductible. Plaintiffs filed a two-count complaint against Defendant for declaratory relief and breach of contract [D.E. 1-1]. Defendant moved to dismiss Count I (declaratory relief) because it claims said count is duplicative of Plaintiffs' breach of contract claim. Defendant's Motion should be denied because (1) Plaintiffs have alleged sufficient facts to establish an actual controversy warranting the issuance of a declaratory judgment and (2) Plaintiffs may seek alternate remedies.

## ARGUMENT

### A.   Legal Standard

Plaintiffs' claim for declaratory relief (Count I) was initially brought in state court pursuant to Florida's Declaratory Judgment Act ("FDJA"), codified at Chapter 86, Florida Statutes.   In diversity cases, such as this one, district courts should apply federal law if the matter is procedural and should apply the law of the forum state (Florida) if the matter is substantive.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  The FDJA provides that it is substantive.  *See* Fla. Stat. § 86.101 ("This chapter is declared to be substantive and remedial.  Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed.").

District courts from the Southern District and Middle District of Florida have previously held that the FDJA is "substantive".  *See State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, No. 1:13-cv-24393-UU, 2014 WL 11906612, at *3 (S.D. Fla. Oct. 16, 2006) ("The Florida  DJA is substantive law intended to be remedial in nature, and is to be liberally administered  and construed…Florida law governs and federal case law interpreting the federal Declaratory Judgment Act is not applicable in this case"); *Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, 509 F.Supp.2d 1158, 1160 (interpreting claim under FDJA under Florida law  because "[t]he [FDJA] is substantive law intended to be remedial in nature, and is to be liberally administered and construed").  However, the Eleventh Circuit recently held that the FDJA "is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit courts; it does not confer any substantive rights".  *Coccaro v. Geico Gen. Ins. Co.*, 648 Fed. Appx. 876, 880-81 (11th Cir. 2016).

The federal Declaratory Judgment Act ("DJA") provides, in pertinent part, that "[i]n case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought". 28 U.S.C. § 2201(a). "Since its inception the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This discretion "should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act". *Cincinnati Ins. Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989).

In an action under the DJA, "the question…is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment". *GTE Directories Pub. Corp. v. Trimen America, Inc.*, 67 F. 3d 1563, 1567 (11th Cir. 1995). The determination of an actual controversy is determined on a case-by-case basis. *Id.* (citing *Hendrix v. Poonai*, 662 F. 2d 7198, 721-22 (11th Cir. 1981)). A dispute over an insurer's duty to indemnify constitutes an actual controversy. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 274 (1941); *Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 32 F.Supp.3d 1226, 1230 (S.D. Fla. 2014) (actual controversy existed in dispute between insurer and broker over duty to indemnify and defend)

### B.     Plaintiffs Are Entitled To Declaratory Relief

Plaintiffs have stated a viable cause of action for declaratory relief under the DJA, which merely requires that Plaintiffs plead the existence of an actual controversy. For example, Plaintiffs have alleged that (1) their home suffered covered losses because of Hurricane Irma (Compl., ¶ 9); (2) Plaintiffs immediately notified Defendant of the loss (Compl., ¶ 10); (3) after inspecting the reported loss, Defendant erroneously concluded that Plaintiffs' damages did not exceed the policy's

deductible (Compl., ¶¶ 12-13); (4) Plaintiffs are in doubt and uncertain as to their rights under the policy, the applicability of certain policy provisions to these set of facts, the scope of repairs needed to return Plaintiffs' home to its pre-loss condition, and the existence and necessity of compliance with any outstanding post-loss obligations (Compl., ¶¶ 22); and (5) there are adverse interests between the parties creating an actual, present, and practical need for a declaration of Plaintiffs' rights (Compl., ¶¶ 24-25).  This dispute over coverage is exactly the type of "actual controversy" the DJA was created to address.

        **C.**      **Plaintiffs May Plead In The Alternative**

In its Motion, Defendant contends that Plaintiffs' declaratory judgment claim (Count I) is "completely duplicative" of Plaintiffs' breach of contract claim (Count II).  Motion at 4.  However, the fact that a plaintiff "has pleaded both a declaratory judgment claim and a breach-of-contract claim does not *automatically* require dismissal".  *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-CIV, 2011 WL 3843931, at *3 (S.D. Fla. Aug. 26, 2011) (italics in original). Under the Federal Rules of Civil Procedure, Plaintiffs may plead claims in the alternative. *See* Fed. R. Civ. P. 8(d); *Ocean's 11*, 2011 WL 3843931 at *3 ("Breach-of-contract and declaratory-relief claims may be pleaded alternatively").  "*If* any inconsistencies exist, they can be dealt with at summary judgment or through jury instructions."  *Ocean's* 11, 2011 WL 3843931, at *3 (italics in original).

Plaintiffs seek separate relief in Counts I and II.  Plaintiffs' breach of contract claim (Count II) seeks solely monetary relief.  Conversely, Plaintiffs' declaratory judgment claim (Count I) seeks specific declarations regarding their rights under the policy, including, but not limited to, the scope of repairs needed to bring Plaintiffs' home to its pre-loss condition and Plaintiffs' compliance with post-loss obligations under the policy.  This second point is particularly

important because, if the Court were to declare that there are outstanding post-loss obligations, Plaintiffs could move to abate this action pending compliance with said obligations. *See State Farm Mut. Auto. Ins. Co. v. Curran*, 135 So. 3d 1071, 1079-80 (Fla. 2014) (noting that party may seek to abate proceeding pending compliance with post-loss obligations); *Wright v. Life Ins. Co. of Ga.*, 762 So. 2d 992, 993 (Fla. 4th DCA 2000) (recognizing party's right to seek abatement until they comply with post-loss obligations (i.e. conditions precedent) because "the proper remedy for premature litigation is an abatement or stay of the claim").[1]  Such relief would not be available as part of Plaintiffs' breach of contract claim.  Where, as here, a declaratory judgment claim and breach of contract claim seek different relief, the declaratory judgment claim should be allowed to proceed.  *Ocean's* 11, 2011 WL 3843931, at *4 (denying motion to dismiss declaratory judgment claim where claim sought different remedies from breach of contract claim).

## CONCLUSION

Plaintiffs have alleged sufficient facts to establish an actual controversy as required by the DJA.  That Plaintiffs have also alleged a breach of contract claim is of no consequence because Plaintiffs' declaratory judgment claim seeks different remedies.  There would be no additional burden to Defendant in defending both claims.  Accordingly, Defendant's Motion [D.E. 9] should be denied, and Defendant should be ordered to answer Count I (declaratory judgment) of the Complaint [D.E. 1-1].

---

[1] In diversity actions, such as this one, the substantive law of the forum state (Florida) applies.  *LaFarge Corp. v. Travelers Indem. Co.*, 118 F. 3d 1511, 1515 (11th Cir. 1997).  Florida has long adhered to the rule of *lex loci contractus*.  *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So. 2d 1160, 1163 (Fla. 2006).  "That rule, as applied to insurance contracts, provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage."  *Id.*

Respectfully submitted,

**ALVAREZ FELTMAN & DA SILVA, P.L.**
*Attorneys for Plaintiffs*
2121 Ponce de Leon Blvd., Suite 1100
Coral Gables, Florida 33134
Tel: (786) 409-6000
Fax: (786) 362-5175
E-mail: ben@afdlegal.com
E-mail: leo@afdlegal.com
E-mail: mlara@afdlegal.com
E-mail: cmartinez@afdlegal.com

By:   */s/ Miguel R. Lara*
      BENJAMIN R. ALVAREZ
      Florida Bar No. 175633
      LEONARDO H. DA SILVA
      Florida Bar No. 63259
      MIGUEL R. LARA
      Florida Bar No. 41334
      CHRISTOPHER A. MARTINEZ
      Florida Bar No. 113012

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 3, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Melissa M. Sims, Esq.
Evelyn M. Merchant, Esq.
Perdita M. Martin, Esq.
Berk, Merchant, & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
emerchant@berklawfirm.com
msims@berklawfirm.com
pmartin@berklawfirm.com
mmarta@berklawfirm.com
dalvarez@berklawfirm.com
lspaulding@berklawfirm.com
*Attorneys for Defendant*

By:   */s/ Miguel R. Lara*
      Miguel R. Lara

6