UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-23622-CIV-MARTINEZ-OTAZO-REYES

ALBERT NAHMAD and JANE NAHMAD,

    Plaintiffs,

v.

AIG PROPERTY CASUALTY COMPANY,

    Defendant.

_____/

## PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFFS' COMPLAINT

In its Reply [D.E. 19], Defendant AIG Property Casualty Company ("Defendant") argues that Plaintiffs' declaratory relief claim (Count I) should be dismissed because "Plaintiffs have not alleged any contractual ambiguity". *See* Reply at 2. Plaintiffs are not required to do so, particularly in light of the Florida Supreme Court's ruling in *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5 (Fla. 2004). "Following *Higgins*, it is clear - even if it was not before - that a declaratory-relief action may proceed based on an unambiguous insurance policy." *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-CIV, 2011 WL 3843931, at *2 (S.D. Fla. Aug. 26, 2011); *see also Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV-LENARD/GOODMAN, 2016 WL 4574919, at *3 (S.D. Fla. Sept. 1, 2016) (recognizing "that a declaratory relief action may proceed based on an unambiguous insurance policy"); *Moevy, Inc. v. Scottsdale Ins. Co.*, No. 16-20277-CIV-MORENO, 2016 WL 8813525, at *5 (S.D. Fla. May 11, 2016) ("In addition, even if the policy could be considered unambiguous, courts have found that a declaratory judgment action can still move forward in tandem with a breach of contract claim"). "Further, at least one court has found that although *Higgins* concerned a case brought by an insurer,

it should apply with equal force to claims brought by the insured." *Ocean's 11 Bar*, 2011 WL 3843931, at *2 (citing *Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-cv-1279-T-24 AEP, 2010 WL 2889759, at *3 (M.D. Fla. July 22, 2010).

The *Higgins* court found that there is a "need to have the declaratory judgment statues construed so that declaratory judgment actions are an available procedure to resolve insurance coverage controversies". *Higgins*, 864 So. 2d at 14.  As such, "it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy". *Id.* at 15.  "[D]eclaratory judgment are and can increasingly be a valuable procedure for the resolution of insurance coverage disputes to the benefit of insurers, insureds, and claimants". *Id.* at 10.  Here, Plaintiffs are seeking specific declarations regarding their rights under the policy, including, but not limited to, the scope of repairs needed to bring Plaintiffs' home to its pre-loss condition and Plaintiffs' compliance with post-loss obligations under the policy.  Declaratory judgment is an available remedy to address these issues. *See Powers*, 2010 WL 2889759, *4 (holding that plaintiff was entitled to declaratory relief to address "the proper method of repairing her property that she is entitled to under the policy" and rejecting the insurer's argument that such a request was "merely the giving of legal advice or the answer to questions propounded by curiosity").

Accordingly, for the reasons set forth above and those argued in Plaintiff's response [D.E. 18], Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint [D.E. 9] should be denied.

        Respectfully submitted,

        **ALVAREZ FELTMAN & DA SILVA, P.L.**
        *Attorneys for Plaintiffs*
        2121 Ponce de Leon Blvd., Suite 1100
        Coral Gables, Florida 33134
        Tel: (786) 409-6000
        Fax: (786) 362-5175
        E-mail: ben@afdlegal.com
        E-mail: leo@afdlegal.com
        E-mail: mlara@afdlegal.com
        E-mail: cmartinez@afdlegal.com

        By: */s/ Miguel R. Lara*
            BENJAMIN R. ALVAREZ
            Florida Bar No. 175633
            LEONARDO H. DA SILVA
            Florida Bar No. 63259
            MIGUEL R. LARA
            Florida Bar No. 41334
            CHRISTOPHER A. MARTINEZ
            Florida Bar No. 113012

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, on October 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Melissa M. Sims, Esq.
    Evelyn M. Merchant, Esq.
    Perdita M. Martin, Esq.
    Berk, Merchant, & Sims, PLC
    2 Alhambra Plaza, Suite 700
    Coral Gables, FL 33134
    emerchant@berklawfirm.com
    msims@berklawfirm.com
    pmartin@berklawfirm.com
    mmarta@berklawfirm.com
    dalvarez@berklawfirm.com
    lspaulding@berklawfirm.com
    *Attorneys for Defendant*

        By: */s/ Miguel R. Lara*
            Miguel R. Lara